IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JAMES W. DETMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-4300-CV-C-NKL |
| ) | |
| RON DITTEMORE, et al., ) | |
| ) | |
| Defendants. ) | |

### REPORT, RECOMMENDATION AND ORDER

Plaintiff James W. Detmer, an inmate confined at Fulton State Hospital, a Missouri mental institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Named as defendants in plaintiff's original and amended complaints are Ron Dittemore, Fulton State Hospital, Keith Schafer and Missouri Department of Mental Heath.

In support of his claims for relief, plaintiff states he is being denied the right to receive telephone calls to attorneys; thus, has no attorney to represent him on his second-degree murder charge.

Plaintiff has requested leave to proceed without paying the filing fee, pursuant to 28 U.S.C. § 1915. Under section 1915, the court may waive filing fees and costs if it finds a plaintiff is indigent and if the claim should not be dismissed on certain other enumerated grounds. If appropriate, the court may impose a partial filing fee under L.R. 83.7. In re Williamson, 786 F.2d 1336 (8th Cir. 1986).

Plaintiff's affidavit indicates that he is indigent and currently unable to pay the full filing fee. Nevertheless, when a plaintiff seeks leave to proceed without prepayment of the filing fee, the court must dismiss the case if it finds the claim to be frivolous or malicious, if it fails to state a claim for which relief may be granted, or if it seeks monetary relief against a defendant who is

immune from such relief.  28 U.S.C. § 1915 (e)(2).  The term "frivolous," as used in the statute, does not necessarily imply the plaintiff's claims are unimportant, but may mean only that the federal court lacks the authority to address them.

Case law indicates that where a plaintiff seeks leave to proceed under section 1915, a claim should be dismissed if it "lacks an arguable basis either in law or fact" or is based on an "indisputably meritless legal theory."  Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).  The statute has been interpreted to give the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Id. at 327.  Baseless factual contentions are those that are "fanciful," "fantastic" or "wholly incredible."  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citation omitted).

A review of the docket sheets in plaintiff's state case clearly shows action by plaintiff's attorneys.  It is a well-established policy that the federal courts should abstain from meddling in litigation pending in the state courts.  See Burford v. Sun Oil Co., 319 U.S. 315, 332 (1943).  The court may abstain when there is a pending state court proceeding involving the same subject matter.  Amdur v. Lizars, 372 F.2d 103 (4th Cir. 1967); Annotation, Stay of Action in Federal Court Until Determination of Similar Action Pending in State Court, 5 A.L.R. Fed. 10 (1967).  This is also true when a state has a strong interest and competence in dealing with the subject, 17A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE:  JURISDICTION 2d § 4247 (1988), such as state criminal, administrative and family law matters.  Ankenbrandt v. Richards, 504 U.S. 689 (1992).  See also Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994) (federal courts generally abstain from exercising jurisdiction when a cause of action closely relates to an action for divorce, alimony or child custody); Ronwin v. Dunham, 818 F.2d 675 (8th Cir. 1987).  This is known as the abstention doctrine and is followed in the federal court system today.  See also Younger v. Harris, 401 U.S. 37, 46 (1971).

This court will not interfere in ongoing state criminal/competency proceedings.  Plaintiff clearly has a case pending in state court and is represented by counsel.  Any issues in that case can be handled by the state court.

On January 16, 2007, plaintiff filed a motion to amend his complaint.  A party is permitted to amend his complaint once, as a matter of course, any time before a responsive pleading is served.  Fed. R. Civ. P. 15.  No responsive pleading has been filed in this case.

IT IS, THEREFORE, ORDERED that plaintiff's motion to amend his complaint is granted. [4]  It is further

RECOMMENDED that plaintiff be denied leave to proceed in forma pauperis and his claims be dismissed, pursuant to 28 U.S.C. § 1915, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report.  Exceptions should not include matters outside of the report and recommendation.  Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation.  The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances.  Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 29th day of January, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3